UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

WILLIAM LEWIS PRATT,
           *Defendant-Appellant.*

No. 00-4891

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

CRAIG LAMONT BUTLER,
           *Defendant-Appellant.*

No. 00-4901

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-78)

Submitted: July 31, 2001

Decided: August 15, 2001

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North
Carolina; Thomas Hilton Johnson, Jr., GRAY, NEWELL, JOHNSON

& BLACKMON, L.L.P., Greensboro, North Carolina, for Appellants. Benjamin H. White, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Craig Lamont Butler and William Lewis Pratt (Defendants) were named with a codefendant in a single count indictment for attempted possession with intent to distribute in excess of 500 grams of cocaine hydrochloride, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Both Defendants were found guilty after a jury trial. During their trial, both Defendants unsuccessfully moved under Fed. R. Crim. P. 29 for judgment of acquittal. On appeal, both Defendants argue the district court erred in denying their motions. We disagree.

We review the denial of a motion for judgment of acquittal to assess whether there is "substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982).

The evidence established that Butler and Pratt negotiated to purchase three kilograms of cocaine hydrochloride. They arrived at the time and place of the sale with the cash necessary to effect the purchase. Viewed in the light most favorable to the Government, this establishes that both Butler and Pratt attempted to possess with intent to distribute in excess of 500 grams of cocaine. *United States v. Neal*, 78 F.3d 901, 906 (4th Cir. 1996); *Baker v. United States*, 985 F.2d 1248, 1257 (4th Cir. 1993). Additionally, Pratt's evidentiary chal-

lenge to the testimony of a codefendant is without merit. *United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997); *United States v. Blevins*, 960 F.2d 1252, 1255-56 (4th Cir. 1991).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*